## No. 280

### MOUSE v. CENTRAL SAV. & TR. CO.

No. 20331. Supreme Court

On motion to certify. Dock. Feb. 17, 1927, 5 Abs. 121.

**677. JUDGMENTS & DECREES**—Can reviewing court who finds prejudicial error upon face of record, reduce money judgment to nominal sum and affirm same, without consent of plaintiff or his attorney?

Gordon Mouse contends in the Supreme Court, that a bank which by its negligence caused a misspelling of his name and then refused to honor his checks as a depositor and caused his arrest charging fraud, is liable in damages; and that a reviewing court cannot upon finding prejudicial error upon the face of the record, modify a money judgment and reduce same to nominal sum without his consent.

Attorneys—Carl M. Myers, Akron, for Mouse.

Note—Motion to certify allowed, 5 Abs. 171.

## No. 281

### DORAN v. BETHARDS

No. 20330. Supreme Court

On motion to certify. Dock. Feb. 17, 1927, 5 Abs. 121.

**606. HIGHWAYS**—What is included in improved portion of highway as stated in Sec. 6310-27 GC., and is same a question for jury to determine?

The question involved in this case is whether or not an engine of a motor truck which stalls while being operated on the highway creates an "emergency" within the meaning of exception prescribed in Sec. 6310-27 GC., regulating stopping of motor vehicles on public highways?

Does the jury determine whether only the paved portion of the highway is that part meant by the statute or does the statute include the dirt berm?

Attorneys—Martin & Corry for Doran; C. W. Tehan and H. A. Brenner for Bethards; all of Springfield.

Note—Motion to certify overruled, 5 Abs. 171.

## No. 282

### SHAPIRO v. WINDOW SHADE ADJUSTER CO.

No. 20308. Supreme Court

On Mot. to cert. Dock. Feb. 5, 1927, 5 Abs. 90.

**1024. RES GESTAE**—Are statements made by truck driver while taking injured party to hospital, though made sometime after accident admissible as part of res gestae?

Shapiro contends in the Supreme Court that, statement made by truck driver, who had injured him, made some ten minutes after the accident but while he was taking him to hospital are part of res gestae and admissible and that a boy of fifteen should be allowed to testify exactly as to what he thought speed of car was.

Attorneys—Moulinier, Bettman & Hunt for Shapiro; Harmon, Colston, Goldsmith & Hoadley for Company; all of Cincinnati.

Note—Motion to certify overruled, 5 Abs. 199.

## No. 283

### UNCAPHER v. CURL

No. 20316. Supreme Court

On mot. to cert. Dock. Feb. 9, 1927, 5 Abs. 105.

**323. COUNTY COMMISSIONERS** — Is there statutory liability in damages for taking of land for highway widening or is injunction the remedy?

It is contended in the Supreme Court that there is no statutory liability upon county commissioners for damage to abutting owners, when same is taken for highway widening, but that the only remedy lies in injunction.

Attorneys—H. E. Hill, Marion, and T. B. Mateer, Mt. Gilead, for Uncapher; C. H. Conway, Mt. Gilead, for Curl.

Note—Motion to certify allowed, 5 Abs. 154.

## No. 284

### McCONIHA v. LARRISON

No. 20332. Supreme Court

On motion to certify. Dock. Feb. 18, 1927, 5 Abs. 121.

**357. DEEDS**—Is deed made by one mentally incapcitated void as to conveyance of title, and can grantee of such encumber or convey property?

McConiha contends in the Supreme Court that a deed executed by one mentally incapacitated to make a deed is void and ineffective to convey title, and grantee of such deed cannot encumber or convey property attempted to be so transferred.

Attorneys—T. O. Crossan for McConiha; L. J. Weber for Larrison; both of Zanesville.

Note—Motion to certify overruled, 5 Abs. 171.